**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ERNEST TAYLOR,                       )
                                       )

       Petitioner/Defendant,     )

                                       )     **CIVIL NO. 01-CV-4164-JPG**

vs.                               )

                                       )     **CRIMINAL NO. 98-CR-40119**

UNITED STATES of AMERICA ,   )

                                       )

       Respondent/Plaintiff.     )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      The Court previously found that Petitioner was not entitled to relief under 28 U.S.C. § 2255, thus denying his motion and dismissing this action.  On appeal, the Seventh Circuit held that the Court erred in failing to consider the arguments presented in Petitioner's proposed amendments to his motion; therefore, the judgment was vacated, and the case was remanded for consideration of those arguments.

**AMENDMENT (DOC. 7)**

      The Clerk docketed this pleading as a motion to amend, but Petitioner titles it as his amendment to pending 2255 motion, and it was submitted with his self-titled request to amend (Doc. 6).

      In this amendment, Petitioner argues that the Court erred in imposing a $500 fine against him as part of his sentence.  He bases this argument on the fact that the PSI indicated that he had no assets or income with which to impose a fine.  He concedes that he does earn an income through his work assignment in the B.O.P., although such employment is compelled by the B.O.P.  In turn, his

meager income from UNICOR is subjected to garnishment under the Inmate Financial Responsibility Program ("IFRP"), which would not occur if the Court had not imposed the unjustified fine of $500. Essentially, he argues that he has been forced into labor for the purposes of paying a fine that was imposed in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

Petitioner cites no legal authority that supports his argument.  He points to *Browning-Ferris Industries v. Kelco Disposal Inc.*, 492 U.S. 257 (1989) for the Supreme Court's discussion of excessive fines,[1] but Petitioner concedes that "it may be debatable" whether his $500 fine could be considered excessive.  Given that the statute authorizes a fine as great as $4,000,000, Petitioner's $500 fine is hardly excessive; rather, it is a mere pittance.

Petitioner also relies upon *United States v. Yahne*, 64 F.3d 1091 (7th Cir. 1995), which held that "the district court erred in delegating to the probation office the specification of a payment schedule for the fine and restitution."  *Id.* at 1097.  *See also United States v. Murphy*, 28 F.3d 38, 42 (7th Cir. 1994).  Such is not the case here, as it is the B.O.P., rather than the probation office, which is collecting his fine; the Seventh Circuit has consistently upheld the B.O.P.'s collection of court-imposed fines through the IFRP.  *See, e.g., McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1999).

Finally, Petitioner believes that his argument regarding inability to pay is supported by *United States v. Wells*, 177 F.3d 603 (7th Cir. 1999).  However, *Wells* involves the imposition of restitution, as opposed to a fine imposed pursuant to statute.  *Compare* 18 U.S.C. § 3663 *with* 18 U.S.C. § 3572, 21 U.S.C. § 841(b).  Therefore, the sole ground for relief raised in Petitioner's first amendment (Doc. 6) is without merit.

---

[1]  The discussion of the Excessive Fines Clause in *Browning-Ferris* involved a jury award of $6 million punitive damages in a civil antitrust action, not the Court's imposition of monetary fine pursuant to federal criminal statutes.

**LEAVE TO SUPPLEMENT (DOC. 8)**

The argument presented in this pleading relates back to his original argument regarding the computation of his criminal history category.  In the June 2, 2003, order (Doc. 10), the Court stated:

> Petitioner argues that his criminal history was "grossly over-represented."  He was assessed 15 criminal history points giving him a criminal history category of VI. (Presentence Investigation Report, p. 12).  Petitioner goes on to list those offenses for which he received criminal history points.  However, petitioner does not provide any case law which indicates that the Court, or the probation office incorrectly determined his criminal history category.   After a thorough review of the record, the Court remains convinced that the criminal history points assessed, and the criminal history category in which petitioner was placed, are correct.  Therefore, any claim that his constitutional rights were violated because his criminal history points were incorrectly determined is without merit.

In this supplement (Doc. 8), filed almost two years after his Section 2255 motion was filed, Petitioner alleged that *all* of his prior convictions were uncounseled, that he did not knowingly waive his right to counsel in any of those prosecutions, and at the time of those prior convictions, he was never apprised of his constitutional rights.  Later, in his motion for certificate of appealability, Petitioner again argued that his prior convictions were uncounseled (Doc. 14).  In that motion, Petitioner claimed that "the issues of the uncounseled prior convictions **had already** been asserted in the original 2255 Motion...."  *Id.* at 2 (emphasis in original).  As support for this claim, he points to Ground 1 and Ground 5 of the original motion, as well as Exhibit C.  However, Petitioner's original motion (Doc. 1) contains no reference to his prior convictions at all.  Therefore, the Court guesses that Petitioner must be referring to his Memorandum (Doc. 5), which was filed almost six months after the original motion was filed.

In that Memorandum, Ground 1 only presents the argument that Petitioner's criminal history was over-represented, as the vast majority of his prior record is comprised of misdemeanor offenses

involving domestic disputes with his former girlfriend.[2]  Contrary to his assertions, there is **no** reference in Ground 1 to his claim that these prior convictions were uncounseled.

In Ground 5, Petitioner once again argued that his criminal history was miscalculated, stating that "he was assessed **2 criminal history points** for offenses that he plead guilty, *under the advisement of a court appointed public defender*, and received 12 months court supervision, for which he successfully completed." *Id*. at 7 (bold in original; italics added for emphasis).  Petitioner later elaborated on these arguments, stating:

> In **all** of the adjudications in State court, they were **all** obtained through **ineffective assistance of counsel** in the plea process, in that **counsel did not advise or misadvised Petitioner** in each instance, and Petitioner did reasonably believe that no adverse consequences could arise in the future – such as future federal sentence enhancements – would flow from the completed supervisions, nor the misdemeanor charges filed by his girlfriend. . . .
>
> Petitioner was actively mislead by the State Statute, and **by affirmative actions of defense counsel**, the prosecutor, and the court in each of the completed supervision adjudications, to believe incorrectly that if he satisfactorily completed supervision, the outcome would be equivalent to a "not guilty", and he would not later suffer any adverse consequences.

*Id.* at 18 (emphasis added).  Again, the Court finds no reference to any assertion that could be construed as a claim that his prior convictions were uncounseled and, in fact, a claim that he had no counsel is completely contradicted by these statements.

Finally, the Court examines Exhibit C to the Memorandum.  Exhibit C consists of four pages that appear to be screen-prints from the St. Clair County court records.  These print-outs relate to only two of Petitioner's prior convictions, indicating that for each, Petitioner paid a $100 fine and

---

[2]  The Court is appalled and disgusted by Petitioner's belief that his convictions for battery and violating protective orders are "minor" offenses because they occurred in the context of domestic altercations with his girlfriend.

successfully completed one year of supervision.[3]  Contrary to his assertions, these print-outs do not prove that these convictions were uncounseled.  Even if the Court were to discount these two points, Petitioner would still fall into Criminal History VI with 13 or more points.[4]

The Court finds it inconceivable that Petitioner would clearly articulate his dissatisfaction with counsel's representation during his prior state court proceedings, only to allege almost 18 months later that he *never* had counsel for *any* of those state court proceedings and did not knowingly waive that right or any other rights.  In fact, in his Memorandum, Petitioner even conceded that he "can not attack the existence of these adjudications."  *Id*. at p. 17, citing *Custis v. United States*, 511 U.S. 485 (1994).  Therefore, at the time he filed his Memorandum, in December 2001, Petitioner was aware of the principle that with sole exception of convictions obtained in violation of right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of previous state convictions used to enhance his sentence. *Id*. at 490-97.  *See also Daniels v. United States*, 532 U.S. 374, 378-79, 382 (2001) (applying *Custis* rule in context of a collateral attack under 28 U.S.C. § 2255).  To make allegations in direct contradiction to his earlier statements is disingenuous, at best, and the Court will not indulge him.

Consequently, the grounds raised in his amendment (Doc. 8) cannot provide him relief under § 2255.

-------

[3]  Comparing these documents to the PSI, which is included as part of Exhibit D to the Memorandum, the Court notes that these documents correspond to the first two adult convictions listed on page 7 of the PSI.  Each was assessed one point in the calculation of Petitioner's total of 15 criminal history points.

[4]  The Court has also reviewed the transcript of the sentencing hearing, which is also attached to the Memorandum as part of Exhibit D.  At that hearing, the Court had a lengthy discussion with Petitioner (not his counsel) about the calculation of his criminal history points, and at no point did Petitioner ever suggest that his prior convictions had obtained without benefit of counsel or in violation of any other constitutional right.

In summary, as discussed above, the grounds presented by Petitioner in his two amendments do not entitle him to relief under Section 2255 of Title 28.  The Court previously found that the grounds raised in his original motion (Doc. 1) did not entitle him to such relief (Doc. 10). Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**, and this action is once again **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: August 16, 2005**

**s/ J. Phil Gilbert**
**U. S. District Judge**