# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST TAYLOR, )<br>)<br>    Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES of AMERICA , )<br>)<br>    Respondent/Plaintiff. ) | CIVIL NO. 01-CV-4164-JPG<br><br>CRIMINAL NO. 98-CR-40119 |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The Court previously found that Petitioner was not entitled to relief under 28 U.S.C. § 2255, thus dismissing this action. On appeal, the Seventh Circuit held that the Court erred in failing to consider the arguments presented in Petitioner's proposed amendments to his motion; therefore, the judgment was vacated, and the case was remanded for consideration of those arguments. The Court then reviewed in detail each of the arguments presented in those proposed amendments and found, once again, that Petitioner was not entitled to relief under § 2255 (Doc. 35).

Now before the Court is Petitioner's motion for reconsideration (Doc. 37), filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; such a motion may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In this motion, Petitioner first argues that the Court was mistaken in finding that no error was made in the calculation of his criminal history. As discussed thoroughly in the Court's

order (Doc. 35, pages 3-5, incorporated herein by reference), Petitioner's multiple pleadings in this case clearly contradict his assertion that his prior state convictions were obtained without benefit of counsel. Therefore, the Court remains convinced that its ruling regarding Petitioner's criminal history calculation was correct, and this argument is without merit.

Petitioner then presents, for the first time, an argument that his sentence is also invalidated by *Blakely v. Washington*, 124 S.Ct. 2531 (2004). He claims that this argument was presented in his "motion to amend his certificate of appealability," but no such pleading was filed in this Court.[1] The Seventh Circuit has held that the rulings in *Blakely* and *United States v. Booker*, 125 S.Ct. 738 (2005) do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Petitioner's conviction was final long before January 12, 2005, *see generally Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003); therefore, *Booker* and *Blakely* do not invalidate his sentence.

In summary, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**Dated: February 22, 2006.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**

---

[1] In this case, Petitioner filed a motion for certificate of appealability (Doc. 14) as well as a motion to expedite the ruling on his certificate of appealability (Doc. 15); neither of these motions contains any mention of *Blakely*. It appears that Petitioner may have filed two motions to amend his certificate of appealability with the Seventh Circuit, *see Taylor v. United States*, Appeal No. 04-2178 (7th Cir., order entered Feb. 17, 2005), but those pleadings are not a part of the District Court records.