UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST TAYLOR<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 01-cv-4164-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Ernest Taylor's ("Taylor") letter dated June 26, 2006, which the Court construes as a motion for free copies (Doc. 39). Taylor asks the Court for a free copy of his motion under 28 U.S.C. § 2255 (and presumably also the brief in support of that motion), which the Court denied on August 16, 2005. The Court also denied a motion to reconsider its ruling on February 22, 2006. Taylor claims to need a copy of the motion to file an appeal.

Litigants have no right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files, (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Taylor has not satisfied the Court's requirements for obtaining free copies of court records. The Court is satisfied that Taylor has no other means of obtaining a copy of his § 2255 motion or its supporting brief. No counsel was involved in this case who might be able to provide Taylor a copy of those documents. Taylor has not, however, provided any evidence of his current indigence such as a certified copy of his prison trust fund account for the six-month period prior to his request for free copies. He has also not demonstrated that he needs a copy of his § 2255 motion for a non-frivolous court action. He states that he needs the motion to file an appeal, but the time is long past for filing an appeal of either the Court's order denying his § 2255 motion or the Court's ruling denying his motion for reconsideration. Thus, it is clear that any appeal would be frivolous.

For these reasons, the Court **DENIES** Taylor's motion for free copies (Doc. 39). Taylor may obtain a copy of his § 2255 motion and supporting brief by sending the Clerk of Court a request for the document along with payment of the appropriate copying fee.

**IT IS SO ORDERED.**
**DATED: July 11, 2006**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**